IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JUAN CARLOS VILLARREAL, | § § | CASE NO. 21-30941-hcm |
| DEBTOR. | § § § | CHAPTER 13 |

**PNC EQUIPMENT FINANCE, LLC'S OBJECTION TO CONFIRMATION OF
DEBTOR'S CHAPTER 13 PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES PNC Equipment Finance, LLC (hereinafter "PNC" or "Movant"), and files this its objection to Debtor's Chapter 13 Plan and Motions for Valuation and Lien Avoidance ("Plan") [Doc. # 2] and for same would respectfully show the Court as follows:

1. PNC's motion is based on the Proof of Claim and attachments filed in this case and incorporated by reference.

2. Juan Carlos Villareal ("Debtor") filed a petition or relief under Chapter 13 of the Bankruptcy Code on December 9, 2021.

3. The Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 1325. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

4. On January 26, 2022, PNC filed a Proof of Claim in this bankruptcy case as the result of a Loan and Security Agreement number 150010 (the "Agreement") between Debtor and PNC for the finance of three (3) 2018 Sloughton Dry Van Trailers (the "Equipment"):

| Quantity | Year, Manufacturer, Model and Description | Serial Number |
|---|---|---|

| 1 | 2018 Sloughton Dry Van Trailer | 1DW1A5320JS777290 |
|---|---|---|
| 1 | 2018 Sloughton Dry Van Trailer | 1DW1A5324JS777289 |
| 1 | 2018 Sloughton Dry Van Trailer | 1DW1A5322JS777288 |

## OBJECTION TO CONFIRMATION

5. Debtor's Plan incorrectly schedules the debt resulting from the Agreement with PNC at $45,000.00. PNC's claim [Claim Docket # 11], seeks a **secured** balance of $39,434.79 for the Equipment. Attached hereto as Exhibit "1" is the proof of claim filed by PNC.

6. Further, it is unknown if Debtor continues to use the Equipment as his Commercial Driver's License is currently suspended according to Debtor's Schedule I and, further, Debtor is presently unemployed according to the Petition [Doc. #1]. Debtor indicates his mother is running RTO Freight and is paying all expenses and costs until the Debtor's license is no longer suspended, allegedly sometime in January 2023 according to Debtor's Schedules.

7. In addition, Debtor incorrectly states the fair market value for the Equipment as $30,000.00 and proposes to cram down the interest rate to 6.00%. According to PNC's proof of claim, the fair market value for the Equipment is $18,000.00 per trailer, or $54,000.00 total for the Equipment. PNC objects as the Equipment is over secured and, therefore, Debtor cannot cram down the value of the collateral. Debtor is also attempting to bifurcate this claim and pay $15,000.00 as an unsecured claim at a pro-rata rate under Section 7.11.

8. Moreover, Debtor's proposed Plan [Doc. # 2] has already drawn an objection from U.S. Bank National Association [Doc. # 12] because Debtor proposes to undervalue U.S. Bank's collateral, cram down the interest rate to 6.00% on collateral that is over secured, and fails to properly provide for repayment of the U.S. Bank's claim. PNC joins with U.S. Bank's objection

at Doc. #12.

9. Debtor's proposed Plan has also drawn an objection from the Chapter 13 Trustee [Doc. # 13] due to Debtor not specifying a designated month and year when Debtor's Plan will complete and close.

10. Because Debtor's Plan fails to adequately provide for the claim of PNC, Debtor's proposed Plan does not comply with the provisions of 11 U.S.C. § 1325(a) and must not be confirmed at this time.

11. Accordingly, PNC objects to Debtor's Plan as to the bifurcated unsecured status of Debtor's debt to PNC. PNC also objects to Debtor's Plan to the extent that the Debtor's Plan improperly attempts to modify, reduce, or alter PNC's secured claim.

12. To the extent that U.S. Bank and the Trustee's objections state that Debtor's proposed Plan is not feasible, PNC further objects to Plan confirmation.

WHEREFORE, PNC respectfully prays:

1. That confirmation of the Debtor's Plan be denied for the reasons stated herein;
2. In the alternative, Debtor amend his Plan to remedy the above referenced defects; and,
3. For such other and further relief as this Court deems just and proper under law and equity to which it shows itself justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax


/s/ Brandon J. Gibbons
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Brandon J. Gibbons
State Bar I.D. #24082516
bgibbons@padfieldstout.com

*Attorneys for Movant*


## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I served a true and correct copy of the foregoing to the following via this Court's ECF electronic filing system, and/or regular mail.

| | |
|---|---|
| **Juan Carlos Villareal**<br>3656 Tierra Inca Drive<br>El Paso, Texas 79938<br><br>*Debtor* | **Miguel Alejandro Flores**<br>Tanzy & Borrego Law Offices<br>2610 Montana<br>El Paso, Texas 79903<br><br>*Debtor's Attorney* |
| **Stuart C. Cox**<br>El Paso Chapter 13 Trustee<br>1760 N. Lee Trevino Dr.<br>El Paso, Texas 79936<br><br>*Chapter 13 Trustee* | **United States Trustee**<br>Office of the United States Trustee<br>615 E. Houston Street, Suite 533<br>San Antonio, Texas 78205 |
| **All those receiving ECF notifications in this case.** | |

/s/ Brandon J. Gibbons
Brandon J. Gibbons